UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 17-22532-CIV-MARTINEZ-OTAZO-REYES

CHARLES PAIGE,

    Plaintiff,

v.

THE HACKETT GROUP, INC.,

    Defendant.
_____ /

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

THIS MATTER was referred to the Honorable Alicia Otazo-Reyes, United States Magistrate Judge, pursuant to 28 U.S.C. § 636 by the undersigned, for a ruling on all pre-trial, non-dispositive matters and a Report and Recommendation ("R&R") on all dispositive matters, [ECF No. 34]. *Pro se* Plaintiff Charles Paige filed a claim for employment discrimination based on race and color pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-15 [ECF No. 1] (the "Complaint"). At issue is Defendant The Hackett Group, Inc.'s Motion for Summary Judgment, [ECF No. 76]. On July 9, 2020, Magistrate Judge Otazo-Reyes filed an R&R, recommending that Defendant's Motion for Summary Judgment be granted and that a final judgment of non-liability be entered in favor of Defendant, [ECF No. 110].

The Court, having conducted a *de novo* review of the record and the issues presented in Plaintiff's objections, agrees with Magistrate Judge Otazo-Reyes's conclusion that Plaintiff failed to establish a *prima facie* case of race discrimination or a "convincing mosaic" of circumstantial evidence that would allow a jury to infer that he was discriminatorily terminated. Nonetheless, though the Court finds that most of Plaintiff's objections were thoroughly and properly analyzed

in the R&R, the Court will address a few issues that may warrant further clarification.

## PROCEDURAL AND FACTUAL BACKGROUND

On July 7, 2017, Plaintiff filed a Complaint detailing his race-based employment discrimination claim pursuant to Title VII. [ECF No. 1]. On August 17, 2017, Defendant filed a Motion to Dismiss Plaintiff's Complaint, arguing that Plaintiff's Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") was untimely. [ECF No. 10]. On March 21, 2018, the Court granted Defendant's Motion to Dismiss without prejudice. [ECF No. 31].

On April 10, 2018, Plaintiff filed an Amended Complaint, again asserting a claim for race-based employment discrimination under Title VII, [ECF No. 32]. The Amended Complaint asserts the following facts. Plaintiff is an African American and thus a member of a statutorily protected class. Plaintiff began working for Defendant as an Enterprise Performance Manager on or around May 9, 2011 and worked in this role until he was terminated on March 23, 2012. Plaintiff's performance was satisfactory. Defendant hired a Caucasian employee—Mr. LoPresti—to work in the same or similar position as Plaintiff. Defendant terminated Plaintiff's employment based on race and replaced him with Mr. LoPresti. Defendant provided pretextual reasons for his termination. [ECF No. 32 at 3]. As "Exhibit 1" to the Amended Complaint, Plaintiff attached a letter of determination from the EEOC as well as a copy of his EEOC Intake Questionnaire. [ECF No. 32 at 7–12].

On April 23, 2018, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint ("Second Motion to Dismiss"), [ECF No. 33]. Defendant again argued that Plaintiff's EEOC Charge was untimely filed. On March 3, 2019, the Court denied the Second Motion to Dismiss, finding that a ruling on the Motion would be "premature … and [the timeliness issue] would be

more appropriately resolved at a later stage in the proceedings." [ECF No. 42 at 4–5].

On November 25, 2019, Defendant filed the instant Motion for Summary Judgment, arguing that it is entitled to judgment as a matter of law because Plaintiff failed to exhaust the administrative remedies required to maintain a claim under Title VII and because the undisputed material facts make clear that Plaintiff was not subject to race discrimination. [ECF No. 76]. Defendant contemporaneously filed its Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment ("Statement of Undisputed Facts"), as well as the affidavits of current and former employees from The Hackett Group and Plaintiff's deposition transcript, [ECF No. 77]. On January 2, 2020, Plaintiff filed his Response to Movant['s] Summary Judgment ("Response"), [ECF No. 86]. Judge Otazo-Reyes found that though Plaintiff's Response outlines the portions of Defendant's Statement of Undisputed Facts that he generally "accepts" or "disputes," it fails to controvert the issues with genuine material fact, accept and dispute Defendant's claims with support or evidence, or cite to exhibits on the record as required by both the Federal Rules of Civil Procedure and applicable Local Rules, [ECF No. 110].

It should also be noted that in summarily denying Plaintiff's previously-filed Motion to Dismiss Movant's Summary Judgment for Untimely Filing, [ECF No 78], Magistrate Judge Otazo-Reyes granted Plaintiff an additional opportunity to respond to Defendant's Motion for Summary Judgment and stressed the requirement that Plaintiff properly address the facts pursuant to Federal Rule of Civil Procedure 56, [ECF No. 80].

## **DISCUSSION**

As an initial matter, the Court agrees with, and hereby incorporates, the R&R's well-reasoned analysis. The Court will, however, address the issue of Plaintiff's failure to controvert Defendant's Statement of Undisputed Facts, as well as Plaintiff's objections, which prove equally

3

unavailing.

### I. **Plaintiff failed to controvert Defendant's undisputed facts.**

Despite Plaintiff's objections to the contrary, Plaintiff failed to properly controvert Defendant's Statement of Undisputed Facts in accordance with Federal Rule of Civil Procedure 56(e) and Local Rule 56.1(c). Accordingly, and especially in light of the multiple opportunities afforded to Plaintiff, Magistrate Judge Otazo-Reyes did not abuse her discretion in deeming Defendant's statement of facts admitted. *See Rives v. Lahood*, 605 F. App'x 815, 818 (11th Cir. 2015).

Though Plaintiff's Response, [ECF No. 86], generally avers that he either "accepts" or "disputes" certain portions of Defendant's statement of facts, he often fails to indicate which portions he disputes, why he disputes them, and what evidence supports his assertions. Additionally, the Court agrees with the R&R's determination that Plaintiff also relies on unverified assertions in his Amended Complaint—and throughout his objections—which are not evidence for summary judgment purposes. *See Holloman v. Jacksonville Hous. Auth.*, No. 06-10108, 2007 WL 245555, at *4 (11th Cir. Jan. 30, 2007).

Nonetheless, having conducted a *de novo* review of all the record evidence, the Court finds that even if Magistrate Judge Otazo-Reyes had not deemed Defendant's statement of facts admitted, the record—including the facts often improperly asserted by Plaintiff—does not support a *prima facie* case of race discrimination. Accordingly, even if the Court were to overlook Plaintiff's procedural failure to comply with Rules 56(c)(1)(A) or (B), or Local Rules 56.1(a)(2) or (c), Defendant would still be entitled to summary judgment as a matter of law.

### II. **Plaintiff fails to establish a similarly situated comparator.**

Though Title VII comparators need not be identical, Plaintiff must establish that they are

"similarly situated in all material respects." *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1218 (11th Cir. 2019) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). To be similarly situated in all material respects, "a comparator should, generally, have (1) 'engaged in the same basic conduct (or misconduct);' (2) 'been subject to the same employment policy, guideline, or rule;' (3) 'been under the jurisdiction of the same supervisor;' and (4) shared a similar 'employment or disciplinary history' to the plaintiff." *Hester v. Univ. of Alabama Birmingham Hosp.*, 798 F. App'x 453, 457 (11th Cir. 2020) (quoting *Lewis*, 918 F.3d at 1227–28)).

The Court agrees with the R&R's conclusion that Mr. LoPresti did not constitute a sufficient comparator under applicable caselaw. Indeed, the Table provided in Plaintiff's Objections—albeit improperly provided for the first time—bolsters this finding by outlining the different responsibilities he and Mr. LoPresti had during the course of their respective employment with Defendant, [ECF No. 112 at 4].

The Court likewise agrees with and hereby incorporates Magistrate Judge Otazo-Reyes's determination that Plaintiff otherwise "failed to present a convincing mosaic of circumstantial evidence that would allow a jury to infer that his termination was the result of discriminatory animus." *Hartwell v. Spencer*, No. 18-14488, 2019 WL 5957362, at *5 (11th Cir. Nov. 13, 2019). None of the circumstantial evidence provided by Plaintiff reflects any indication of racial animus.

### III. **Plaintiff fails to rebut Defendant's legitimate, non-discriminatory reason for termination.**

Even assuming Plaintiff established a *prima facie* case of discrimination—which he did not—he nonetheless fails to rebut Defendant's legitimate, non-discriminatory reason for its decision to terminate his employment. Indeed, Plaintiff's Objections simply emphasize that he has established a *prima facie* case, and therefore, the burden should shift to Defendant, [ECF No. 112 at 5]. Plaintiff is correct in his recitation of the applicable *McDonnell-Douglas* burden-shifting

5

procedure; however, he fails to comply with it.

### IV. The EEOC's determination is not dispositive.

Lastly, Plaintiff objects to Magistrate Judge Otazo-Reyes's decision to "overlook" the EEOC's Letter of Determination. Numerous courts, however, have found that the EEOC's determination that discrimination has taken place is not necessarily dispositive, especially where the Letter of Determination contains legal conclusions and is ambiguous as to how the EEOC reached those conclusions. *See, e.g.*, *Masso v. Miami-Dade Cnty.*, 465 F. Supp. 2d 1260, 1267 (S.D. Fla. 2006); *Rudy v. Miami-Dade Cnty.*, No. 016354-CIV, 2002 WL 368599, at *9 (S.D. Fla. Feb. 5, 2002); *Lee v. Exec. Airlines, Inc.*, 31 F. Supp. 2d 1355, 1358 (S.D. Fla. 1998).

Accordingly, even in light of the EEOC's determination, this Court still finds that Plaintiff has failed to meet his burden to survive summary judgment.

### CONCLUSION

For the foregoing reasons, even if the Court liberally construed Plaintiff's procedural errors in his favor as a reflection of his *pro se* status, and even viewed in the most favorable light to Plaintiff, Plaintiff has not carried his burden of proving a *prima facie* case of race discrimination or a "convincing mosaic" of circumstantial evidence that would allow a jury to infer that his termination was due to discriminatory animus. Likewise, Plaintiff failed to refute Defendant's legitimate, non-discriminatory reason for his termination. As a result, this Court concludes that the R&R correctly recommends granting the motion for summary judgment in favor of Defendant.

Accordingly, after careful consideration and a *de novo* review of the record, including the discussion of Plaintiff's objections herein, United States Magistrate Judge Otazo-Reyes's Report and Recommendation, [ECF No. 110], is **AFFIRMED and ADOPTED in its entirety**.

Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that:

1. Defendant's Motion for Summary Judgment, [ECF No. 76] is **GRANTED**.

Judgment will be entered by separate order.

DONE and ORDERED in Chambers at Miami, Florida, this 15th day of September 2020.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record
Charles Paige, *pro se*